# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50322 | **DATE** | May 9, 2001 |
| **CASE TITLE** | SLEDGE v. MASSANARI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting Defendant's Motion to Dismiss.

(11) ■ [For further detail see attached order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAY - 9 2001 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| TML courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 17

01 MAY -9 AM 11:43
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FILED-WD    DOCKETED
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION                   MAY -9 AM 11: 43   MAY -9 2001

CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| VERNELL SLEDGE, | ) |
| | ) |
| Plaintiff, | ) Case No. 00 C 50322 |
| | ) |
| v. | ) Philip G. Reinhard |
| | ) P. Michael Mahoney |
| LARRY G. MASSANARI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

This court addresses Defendant's Motion to Dismiss in this claim against the Commissioner of Social Security for disability insurance benefits (DIB). This matter is before the Magistrate Judge pursuant to consents filed by both parties on March 21, 2001. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. In support of the motion to dismiss, Defendant has attached the declaration of Patricia Sopper, Acting Chief, Court Case Preparation and Review, Branch 2. That declarations states the following chronology of Plaintiff's disability benefit applications in support of the motion to dismiss. Plaintiff last met the insured status requirements on June 30, 1980. Plaintiff filed for disability benefits on August 27, 1974. Based upon that application, a period of disability beginning August 16, 1974 was established. On June 1, 1976, Plaintiff was notified that his period of disability had ended and his benefits were being terminated. The determination as to Plaintiff's period of disability was affirmed upon reconsideration on October 1, 1976, and there is no record of the Plaintiff having requested a hearing. Plaintiff again filed an application for benefits in 1983. That application was denied and Plaintiff requested a hearing on September 26, 1983. On January 30, 1984, the Administrative Law Judge (ALJ) rendered a decision against Plaintiff on her claim for benefits. Plaintiff's request for

review was denied by the Appeals Council on March 24, 1987. Plaintiff then filed an application for Supplemental Security Income (SSI) on January 29, 1991. Plaintiff's application for SSI benefits was denied on October 30, 1991, and upon reconsideration on December 24, 1991. Plaintiff requested a hearing before an ALJ but withdrew that request. The request for a hearing was dismissed on August 17, 1992. Plaintiff did not appeal that action. Plaintiff again filed an application for benefits. That application was denied initially and by reconsideration on March 7, 1994. Plaintiff then filed a request for a hearing before an ALJ. That request for hearing was dismissed by the ALJ on August 15, 1994, on the basis of res judicata. The ALJ found that the decision dated January 30, 1984, was still in effect. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 26, 1994. Plaintiff again filed for DIB on July 26, 1995. That application was denied initially on August 25, 1995 and upon reconsideration on October 17, 1995, on the basis of res judicata. Plaintiff's request for a hearing was dismissed on May 9, 1997, on the basis of res judicata. Plaintiff requested a review of the dismissal on May 16, 1997, and the Appeals Council responded by issuing an order of remand, directing the ALJ to reconsider the applicability of res judicata. On November 19, 1998, the ALJ again dismissed the request for a hearing on the basis of res judicata, finding that the January 30, 1984, hearing decision was final and binding. On August 8, 2000, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed the instant action seeking review of the final decision of the Commissioner of Social Security.

Defendant contends that this court has no jurisdiction to review the Commissioner's res judicata determinations unless a constitutional violation has been alleged. Defendant states that no such constitutional violation has been alleged and therefore this court does not have jurisdiction over

2

Plaintiff's claim. The Social Security Act provides that judicial review is limited to final decisions made after a hearing. 42 USCS §405(g) and 42 USCS §1383(c)(3). Therefore, discretionary decisions rendered by the agency, those that do not require a hearing, are not subject to judicial review unless a constitutional violation is alleged. *See, Califano v. Sanders*, 430 U.S. 99 (1977). In accordance with *Califano*, the Seventh Circuit has held "Federal courts, however, lack jurisdiction to review agency decisions declining to reopen previous determinations except for those refusals having constitutional implications." *Campbell v. Shalala*, 988 F. 2d 741, 745 (7th Cir. 1993).

Plaintiff has not alleged a constitutional violation. Plaintiff's response to Defendant's motion is that the ALJ's January 30, 1984, hearing decision did not consider the possibility that Plaintiff may have become disabled subsequent to the June 1, 1976, alleged onset date but prior to the June 30, 1980, expiration of her insured status. Plaintiff contends that the January 30, 1984, decision addressed Plaintiff's June 27, 1983, application alleging an onset date of June 1, 1976, and that the ALJ would not have considered whether Plaintiff became disabled after that date (but prior to the last insured date). Plaintiff does not dispute the other issues raised in Defendant's motion to dismiss.

Plaintiff's argument is flawed as pointed out by Defendant. Defendant points out that the ALJ must, as a practical matter, consider Plaintiff's application for the entire time period beginning with the alleged onset date and through the expiration of the insured status or the hearing date. The agency regulations provide that a claimant's application remains in effect until the ALJ's decision is rendered. 20 CFR §404.620. The regulations also provide that the Appeals Council will consider all evidence before the ALJ and any subsequent, material evidence relating to the period on or before the date of the ALJ's decision. 20 CFR §404.976(b). In this case, the ALJ's decision was rendered in 1984, well after the expiration of Plaintiff's insured status in 1980. The ALJ, necessarily, would

3

have considered all the evidence presented as to Plaintiff's impairments for the entire period of time between 1975 and 1980. To assume otherwise, as Defendant points out, would require a claimant to submit an application for every day of the disability period to ensure that the ALJ considered the entire period. It is clear from this court's experience and from the above cited regulations that ALJ's consider the entire time period at issue in determining whether a claimant is disabled and at what time they became disabled.

**CONCLUSION**

For the above reasons, Defendant's motion to dismiss is hereby granted pursuant to Rule 12(b)(1).

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/9/01

4